

**On or before Monday, April 6, 2026, Defendants are ORDERED to file a response in opposition not to exceed three single-spaced pages. Defendants are directed to show cause for why the CAR cannot be produced within seven days of a court order.** *See, e.g., Nat'l TPS All. v. Noem*, No. 3:25-cv-01766-EMC (N.D. Cal. 2025) ("NTPSA I"), ECF No. 106; Nat'l TPS All. v. Noem, No. 3:25-cv-05687-TLT (N.D. Cal. 2025) ('NTPSA II"), ECF No. 47.

April 1, 2026

*<u>Via ECF</u>*

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: April 2, 2026
New York, New York

The Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: ***Abdo Doe, et al. v. Mullin, et al.*, 1:26-cv-02280-DEH [rel. 1:26-cv-02103-DEH]**

Dear Judge Ho:

Plaintiffs respectfully move the Court to order Defendants to produce the Certified Administrative Record ("CAR") by April 10, 2026. Defendants do not consent. *See* Individual Rule 2(a)(iv). In thirty-five years of the TPS program, no Secretary has terminated a country's designation while conceding that conditions prevent safe return. The Secretary did so here, Defendants nevertheless refuse to produce the record of how that decision was made—a record that is both legally required and necessary/important to the full adjudication of the *Abdo Doe* motion to postpone agency action, pursuant to APA Section 705.

**A. Background**

Plaintiffs filed suit on March 19, 2026, and moved to postpone the termination of TPS for Yemen on March 25. Dkt. 24. This Court ordered: Defendants' opposition due April 6; Plaintiffs' reply due April 13; and oral argument April 16 at 10:00 a.m.

On March 23, Plaintiffs requested production of the CAR by April 6, noting that in *Aung Doe v. Noem*, No. 1:25-cv-15483 (N.D. Ill.), DHS voluntarily agreed to produce the CAR ahead of the plaintiffs' reply brief on the motion to postpone. *See* Ex. 1. The parties conferred via Microsoft Teams on March 24 at 10:00 a.m., and Plaintiffs followed up by email on March 27 and 30. Defendants indicated their refusal to produce the CAR on March 30, without articulating any particular burden or resource constraint. Counsel stated that "it makes sense to defer the production of the administrative record until after the Supreme Court rules" in *Mullin v. Doe* and *Trump v. Miot* (oral argument April 29; decision expected by late June 2026), and that the Court does not need the record for the § 705 motion, citing Judge Failla's decision in *Dahlia Doe v. Noem*. *See* Ex. 2. On March 31, Plaintiffs offered to defer the dispute if Defendants agreed to hold the termination in abeyance; Defendants refused. *Id.* On April 1 at 3:13 p.m., Plaintiffs confirmed with Defendants by telephone that the parties were at an impasse and that Plaintiffs intended to file a letter-motion requesting relief from the Court. *See* Individual Rule 4(k)(iii).

1