UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOOR DOE, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, in his official capacity, *et al.*,<br><br>      Defendants. | Case No. 26 Civ. 2103 (DEH) |
| ABDO DOE, *et al.*,<br><br>      Plaintiffs,<br><br>      v.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, in his official capacity, *et al.*,<br><br>      Defendants. | Case No. 26 Civ. 2280 (DEH) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN INDICATIVE RULING AND FOR A STAY PENDING APPEAL**

JAY CLAYTON
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2713/2734
*Attorney for Defendants*

MARK OSMOND
ADAM GITLIN
Assistant United States Attorney
    *Of Counsel*

Defendants (the "government")[1] respectfully submit this memorandum of law in support of their motion for an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1(a), stating that the Court would dissolve its order under 5 U.S.C. § 705 (Dkt. No. 39 in 26 Civ. 2103; Dkt. No. 54 in 26 Civ. 2280[2]) should the Second Circuit remand the pending appeals of that order for that purpose, and for a stay of the § 705 order pending resolution of this motion and the appeals.

## PRELIMINARY STATEMENT

On May 1, 2026, this Court stayed the effective date of the Secretary of Homeland Security's determination to terminate Yemen's Temporary Protected Status ("TPS") designation under 5 U.S.C. § 705, after concluding that Plaintiffs were likely to succeed on the merits of one of their Administrative Procedure Act ("APA") claims. Dkt. No. 54 ("§ 705 order") at 23–31, 36. As a predicate to that conclusion, the Court held that the TPS statute's bar on judicial review (8 U.S.C. § 1254a(b)(5)(A)) did not preclude review of that claim, reasoning that the bar reaches only the Secretary's "substantive determination regarding the continuing propriety of Yemen's TPS status"—not compliance with the statute's "procedural requirements," including the requirement to consult with appropriate agencies. Dkt. No. 54 at 19–29 (emphasis omitted); *see* 8 U.S.C. § 1254a(b)(5)(A) (providing that there is no "judicial review of any determination . . . with respect to the designation, or termination or extension of a designation, of a foreign state" for TPS). This Court then stayed further litigation in these cases pending a ruling from the Supreme Court in other TPS cases that involved similar claims. Dkt. No. 67.

---

[1] Secretary of Homeland Security Markwayne Mullin is automatically substituted for former Secretary Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d).

[2] Subsequent docket citations refer to the docket numbers in 26 Civ. 2280.

The Supreme Court has now ruled, and it construed § 1254a(b)(5)(A) differently. Specifically, in *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 (U.S. June 25, 2026), the Supreme Court held that the "TPS statute's judicial-review bar applies to all non-constitutional claims." 2026 WL 1825840, at *10. In doing so, the Supreme Court specifically rejected the argument "that § 1254a(b)(5)(A) applies only to substantive claims, not those based on alleged procedural errors," holding that a "'determination' may concern procedural or substantive questions." *Id.* at *8. It likewise rejected the argument that the Secretary's decision "whether to consult other agencies" is reviewable, explaining that the Secretary's "subsidiary decisions merge into the final agency action," so that "[i]f the final agency action is unreviewable, then so too are subsidiary determinations." *Id.* at *10.

To preserve its appellate rights, the government appealed the Court's § 705 order on June 28, 2026. Dkt. No. 72; *see Doe v. Mullin*, No. 26-1748 (2d Cir.); *Doe v. Mullin*, No. 26-1750 (2d Cir.).[3] Even though the Court's § 705 order contravenes Supreme Court precedent, because the government's appeals of that order are pending, this Court lacks jurisdiction to vacate its order outright. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Rule 62.1 provides a solution: where a "timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," a district court may "state . . . that it would grant the motion if the court of appeals remands for that purpose."

---

[3] Before appealing, the government asked if Plaintiffs would stipulate to the vacatur of the § 705 order given the Supreme Court's ruling, and Plaintiffs declined.

2

Fed. R. Civ. P. 62.1(a)(3); *see* Fed. R. App. P. 12.1. An indicative ruling is warranted here because *Mullin v. Doe* held that courts have no authority to review the APA claim on which the § 705 order rests. The government therefore respectfully requests that the Court issue an indicative ruling under Rule 62.1(a) stating that it would vacate the § 705 order if the Second Circuit remands for that purpose. In addition, and at minimum, the government requests that the Court stay its § 705 order by July 14, 2026, pending resolution of the government's motion for an indicative ruling and the appeal, after which date the government will treat its stay request as constructively denied and seek relief in the Second Circuit. *See* Fed. R. App. P. 8(a)(2)(A)(ii).

## ARGUMENT

Because the Court's § 705 order contravenes binding Supreme Court precedent, the Court should issue an indicative ruling stating that if the Second Circuit were to remand *Doe v. Mullin*, No. 26-1748 (2d Cir.) and *Doe v. Mullin*, No. 26-1750 (2d Cir.), the Court would vacate the order. The government also requests that the Court stay its § 705 order no later than July 14, 2026, pending resolution of this motion for an indicative ruling and pending appeal. After that time, the government plans to seek relief from the Second Circuit.

### A. The Court Should Issue an Indicative Ruling Under Rule 62.1

The Court should issue the requested indicative ruling under Rule 62.1 stating that it will vacate its § 705 order because that order is now inconsistent with Supreme Court precedent. This Court presently lacks jurisdiction to vacate the § 705 order because the order is on appeal in the Second Circuit. *Griggs*, 459 U.S. at 58. Rule 62.1, however, provides that "[i]f a timely motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may" state that "it would grant the motion if the court

3

of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(3). At that point, the court of appeals "may remand" the matter "for further proceedings" consistent with the district court's indicative ruling. Fed. R. App. P. 12.1(b). "In authorizing indicative rulings, the Rule promotes efficiency and the timely resolution of motions that could further the appeal or obviate its necessity." *Watson v. Artuz*, No. 99 Civ. 1364 (PAE) (GWG), 2024 WL 4228624, at *3 (S.D.N.Y. Sept. 18, 2024).

The Court should dissolve the § 705 order if the Second Circuit remands for consideration of that relief. Rule 54(b) provides that interim orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Acha v. Beame*, 570 F.2d 57, 63 (2d Cir. 1978) (quotation marks omitted); Fed. R. Civ. P. 54(b). Further, the "decision whether to modify a preliminary injunction involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction." *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005); *see also State of New York v. Admin. for Child. & Fams.*, No. 26 Civ. 172 (VSB), 2026 WL 673848, at *10 (S.D.N.Y. Mar. 10, 2026) ("The standard for a stay of agency action under 5 U.S.C. § 705 is the same as the standard for a preliminary injunction."). Absent a likelihood of success on the merits, preliminary relief cannot be sustained, regardless of the other relevant factors. *Connecticut State Police Union v. Rovella*, 36 F.4th 54, 68 (2d Cir. 2022) ("Because the District Court did not err in concluding that the [plaintiff] could not succeed on the merits of its claim, we need not address the remaining prongs of the preliminary injunction test, including whether the [plaintiff] demonstrated irreparable harm or whether an injunction would be in the public interest."); *Pharaohs GC, Inc. v. U.S. Small Bus. Admin.*, 990 F.3d 217, 231 (2d Cir. 2021) ("In the absence of . . . likelihood of success on the merits, the district court properly exercised its discretion to deny preliminary

4

relief. . . . The court did not—and did not need to—address the remaining preliminary injunction factors.").

Here, *Mullin v. Doe* establishes that Plaintiffs are unlikely to succeed on the APA claim underpinning this Court's § 705 order. This Court's order was premised on the conclusion that § 1254a(b)(5)(A)'s statutory bar reached only the Secretary's "substantive determination regarding the continuing propriety of Yemen's TPS status" but allowed judicial review of the Secretary's compliance with the statute's "procedural requirements," including the requirement that she consult with appropriate agencies before terminating a country's TPS designation. Dkt. No. 54 at 19–31. Because this Court found that the Secretary had not adequately consulted with other agencies, it concluded that Plaintiffs were likely to succeed on their APA claim. *Id.* In *Mullin v. Doe*, however, the Supreme Court held that the statutory bar precludes judicial review of "all non-constitutional claims." 2026 WL 1825840, at *10. The Supreme Court specifically rejected the argument that litigants could pursue claims based on alleged procedural failures, and also rejected the argument that the Secretary's decision "whether to consult other agencies" is reviewable. *Id.* Because the Supreme Court eliminated the basis on which this Court found that Plaintiffs were likely to succeed on the merits, the § 705 order should be dissolved, and the government respectfully requests that the Court issue an order indicating that it will vacate the § 705 order upon remand from the Second Circuit.

**B.   The Court Should Stay Its § 705 Order**

The Court should also promptly stay its § 705 order pending appeal and pending resolution of this motion for an indicative ruling. The government respectfully requests that the Court stay the order by July 14, 2026, after which date the government anticipates seeking relief in the Second

Circuit. A court should grant a stay pending appeal when the movant makes a strong showing he is likely to succeed, the movant will face irreparable injury absent a stay, and the balance of equities and the public interest support a stay. *See Nken v. Holder*, 556 U.S. 418, 425–26 (2009).

As explained above, the Court's § 705 order rested on its holding that Plaintiffs were likely to succeed on their APA claim based on the Secretary's alleged failure to engage in adequate agency consultation. Dkt. No. 54 at 23–31. To reach that result, the Court concluded that the statutory bar allowed judicial review of that claim. But the Supreme Court has now held that "the TPS statute's judicial-review bar applies to all non-constitutional claims," including APA claims based on a failure to consult appropriate agencies. *Mullin v. Doe*, 2026 WL 1825840, at *10. The government is therefore certain to succeed on appeal.

Moreover, because the Supreme Court's ruling makes clear that this Court's § 705 order improperly restrains the government from enforcing the TPS statute, it necessarily demonstrates that the government—and thus the public—would suffer irreparable harm absent a stay. *See Trump v. CASA, Inc.*, 606 U.S. 831, 859–61 (2025) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C. J., in chambers))). Whatever harm Plaintiffs might face, it cannot justify a stay of an order that conflicts with binding Supreme Court precedent. *See Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) ("Whether presumed or not, any irreparable harm plaintiffs might suffer in this case does not warrant a preliminary injunction in the absence of a showing of (at least) a likelihood of success.").

**CONCLUSION**

For the foregoing reasons, the Court should issue an indicative ruling under Rule 62.1(a)

stating that it would vacate the § 705 order if the Second Circuit remands for that purpose and, by

July 14, 2026, enter a stay of the § 705 order.

Dated:　New York, New York
　　　　　June 30, 2026

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　JAY CLAYTON
　　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　　Southern District of New York
　　　　　　　　　　　　　　　　　　　*Attorney for Defendants*

　　　　　　　　　　　By:　　*/s/ Mark Osmond*
　　　　　　　　　　　　　　　MARK OSMOND
　　　　　　　　　　　　　　　ADAM GITLIN
　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　86 Chambers Street, 3rd Floor
　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　Tel.: (212) 637-2713/2734
　　　　　　　　　　　　　　　mark.osmond@usdoj.gov
　　　　　　　　　　　　　　　adam.gitlin@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 1,989 words.