UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Noor Doe, et al., | |
| Plaintiffs, | |
| v. | 26 Civ. 2103 (DEH) |
| Kristi Noem, et al., | |
| Defendants. | |
| | |
| Abdo Doe, et al., | |
| Plaintiffs, | |
| v. | 26 Civ. 2280 (DEH) |
| Kristi Noem, et al., | **ORDER** |
| Defendants. | |

DALE E. HO, United States District Judge:

On June 28, 2026, Defendants in these cases ("the Government") filed a notice of interlocutory appeal, ECF No. 44,[1] of this Court's Order postponing the effective date of termination of Temporary Protected Status ("TPS") for Yemen, ECF No. 39 ("the Postponement Order"). Before the Court is Defendant's motion for a stay of the Postponement Order pending appeal, and for an indicative ruling stating that if the matter were remanded the Court would dissolve the Postponement Order, ECF No. 45 (the "Stay Motion"), in light of the Supreme Court's recent decision upholding the terminations of TPS for Haiti and Syria in *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026).

---

[1] The Government Stay Motion is also filed at ECF No. 73 in Case 26 Civ. 2280. Unless otherwise stated, docket references throughout this Memorandum Opinion and Order are to the docket in Case 26 Civ. 2103.

In its motion, the Government states that, if this Court does not rule on the motion "by July 14, 2026, . . . the government will treat its stay request as constructively denied and seek relief in the Second Circuit." Stay Motion at 3. But while the Government appears to have strong arguments on the merits of its motion, it has given no explanation for its July 14 deadline. And in fact, the Supreme Court's decision in *Mullin* has not yet taken legal effect. The Supreme Court's letter to the Second Circuit accompanying the opinion in that case clearly states that "[t]he judgment or mandate of this Court will not issue for at least thirty-two days pursuant to Rule 45." *Dahlia Doe v. Mullin*, No. 25-2995, U.S. Supreme Court Letter, Dkt. No. 54-1 (2d. Cir. Jun. 26, 2026). And as the Second Circuit has explained with respect to its own decisions, an appellate "decision does not take effect until the mandate issues." *Canfield v. United States*, No. 20-3430, 2022 WL 950948, at *2 (2d Cir. Mar. 30, 2022) (citing *United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991)).

The Government has not moved under Supreme Court Rule 45 to expedite issuance of the mandate. *See* Docket in *Mullin v. Doe*, No. 25-1083 (U.S.). Thus, the mandate in *Mullin* will not issue until July 27, 2026 at the earliest. Given that *Mullin* does not yet have legal effect (and that the time for rehearing has not yet elapsed, *see* Sup. Ct. R. 44), and in absence of any reason articulated by the Government for its July 14 deadline, there is no reason for this Court to rule on the Government's stay motion at this time.

And there is no obvious injury that would flow from deferring action on the Government's motion for approximately two more weeks, particularly in light of the fact that TPS for Yemen has been in effect for more than a decade (since September 3, 2015, *see* Postponement Order at 9). Notably, the Supreme Court has denied the Government's motion for a stay pending appeal in *Mullin*, leaving the injunctions against the terminations of TPS for Haiti and Syria in place for now. *See Mullin v. Doe*, No. 25-1083, Order (U.S. June 30, 2026) (denying application for stay

as moot).  Despite that fact, the Government has not, as noted above, sought to expedite issuance of the mandate in *Mullin*, which belies any notion that resolving these issues in the normal course constitutes a particular injury necessitating emergency action from this Court.  Put another way, there is no obvious reason why the Government's motion in this case should be resolved on a more expeditious timeline than the cases that the Supreme Court actually decided.

Accordingly, the Court **DEFERS** ruling on the Government's motion for a stay and indicative ruling until the mandate issues in *Mullin*.  The Government is **DIRECTED** to file a status letter with the Court within twenty-four hours of issuance of the mandate in *Mullin*.  This Court will then rule on the Government's motion expeditiously.

SO ORDERED.

Dated: July 14, 2026

New York, New York

_____
DALE E. HO
United States District Judge

3