**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

**VIA ECF**                                          July 17, 2026

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Doe et al. v. Mullin et al.*, No. 26 Civ. 2103 (DEH)
      *Doe et al. v. Mullin et al.*,[1] No. 26 Civ. 2280 (DEH)

Dear Judge Ho:

This Office represents Defendants (the "government") in the above-referenced related putative class actions challenging the Secretary of Homeland Security's decision to terminate Yemen's Temporary Protected Status ("TPS") designation. The government writes respectfully to advise the Court that, in light of the Court's decision to defer ruling on the government's motion for an indicative ruling (Dkt. No. 58), the government yesterday filed a motion in the Second Circuit seeking a stay and summary vacatur of the Court's § 705 postponement order.

The Court deferred ruling on the government's motion based on the rationale that *Mullin v. Doe,* No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026), "does not yet have legal effect" and will not have such effect until the Supreme Court's "mandate" issues on "July 27, 2026 at the earliest."[2] Dkt. No. 58 at 2. Respectfully, this rationale overlooks the distinction between two concepts: the effect of the Supreme Court's judgment in the cases before it, and the precedential effect of the Supreme Court's decision in other pending cases. The transmission of the certified judgment under Supreme Court Rule 45 governs implementation of the Supreme Court's judgment in *Mullin v. Doe* itself; it does not postpone the decision's binding precedential effect on this Court.

Decisions of higher courts, including the Supreme Court, have binding precedential effect on lower courts from the moment they issue—not weeks later when the judgment or mandate follows. *See, e.g., Cox v. DOJ*, 111 F.4th 198, 209 (2d Cir. 2024) ("A published opinion . . . becomes binding precedent when it is decided. The fact that a mandate has not yet issued means only that jurisdiction over the case has not yet shifted back to the district court; it does not

---

[1] Secretary of Homeland Security Markwayne Mullin is automatically substituted for former Secretary Kristi Noem in both actions pursuant to Federal Rule of Civil Procedure 25(d). Unless noted otherwise, docket references in this letter refer to No. 26 Civ. 2103.

[2] In cases originating from lower federal courts, the Supreme Court clerk generally issues a certified judgment, not a mandate. Sup. Ct. R. 45.2–3.

Hon. Dale E. Ho                                                                                                    page 2
July 17, 2026

undermine the immediate precedential weight of our decision. We join our sister circuits in articulating this rule."); *Robicheaux v. Caldwell*, 791 F.3d 616, 618 (5th Cir. 2015) (declaring that a Supreme Court decision less than a week earlier "is the law of the land and, consequently, the law of this circuit" even though the Supreme Court's judgment had not issued).

The cases cited in the Court's order—*Canfield v. United States*, No. 20-3430, 2022 WL 950948, at \*2 (2d Cir. Mar. 30, 2022), and *United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991)—address when an appellate judgment takes effect in the same case for purposes of implementing that judgment and returning jurisdiction to the district court. They do not address, much less call into doubt, the immediate precedential effect of an appellate decision in other cases.

Notably, in their opposition to the government's motion for an indicative ruling, Plaintiffs never argued that *Mullin v. Doe* lacks immediate precedential effect. On the contrary, they conceded that the decision foreclosed their non-constitutional claims. Dkt. No. 56, at 8, 11; Case No. 26 Civ. 2280, Dkt. No. 81, at 3, 17–18.

Indeed, just yesterday, the Seventh Circuit summarily reversed a district court's § 705 postponement order because it was abrogated by *Mullin v. Doe*. *See Doe v. Mullin*, No. 26-1294, Dkt. No. 34 (7th Cir. July 16, 2026) (attached hereto). And earlier this week, the Ninth Circuit, invoking *Mullin v. Doe*, vacated a district court's judgment in a case involving the termination of TPS designations for Nepal, Honduras, and Nicaragua. *NTPSA v. Mullin*, No. 26-199, Dkt. No. 44 (9th Cir. July 14, 2026) (attached hereto). These decisions make clear that the Supreme Court's decision already has precedential force.

The Court's postponement order, which is now inconsistent with Supreme Court precedent, has delayed the implementation of the Secretary's determination to terminate Yemen's TPS designation by more than two months. That determination rested on the Secretary's assessment of the national interest and was based in part on national security concerns. Given the time that has elapsed and the importance of this matter to the Executive Branch, the government determined it was necessary to seek relief in the Second Circuit. Should the Court reconsider and issue the requested indicative ruling, the government would promptly so notify the Second Circuit, and the government's motion there may become moot.

The government appreciates the Court's attention to these matters and its consideration of the government's motion for an indicative ruling.

Respectfully submitted,

JAY CLAYTON
United States Attorney


By:      */s/ Mark Osmond*
         MARK OSMOND
         Assistant United States Attorney
         Telephone: 212.637.2713
         Email: mark.osmond@usdoj.gov