UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Noor Doe, et al., | | |
| | Plaintiffs, | 26 Civ. 2103 (DEH) |
| v. | | |
| Kristi Noem, et al., | | |
| | Defendants. | |
| Abdo Doe, et al., | | |
| | Plaintiffs, | 26 Civ. 2280 (DEH) |
| v. | | **MEMORANDUM OPINION AND ORDER** |
| Kristi Noem, et al., | | |
| | Defendants. | |

DALE E. HO, United States District Judge:

On June 28, 2026, Defendants in these cases ("the Government") filed a notice of interlocutory appeal, ECF No. 44,[1] of this Court's Order postponing the effective date of termination of Temporary Protected Status ("TPS") for Yemen, ECF No. 39 ("the Postponement Order").  Before the Court is Defendant's motion for a stay of the Postponement Order pending appeal, and for an indicative ruling stating that if the matter were remanded the Court would dissolve the Postponement Order, ECF No. 45 (the "Motion"), in light of the Supreme Court's recent decision upholding the terminations of TPS for Haiti and Syria in *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026).

---

[1] The Government's Motion is also filed at ECF No. 73 in Case 26 Civ. 2280.  Unless otherwise stated, docket references throughout this Memorandum Opinion and Order are to the docket in Case 26 Civ. 2103.

In an Order dated July 14, 2026, this Court deferred ruling on the Motion until the mandate issues in *Mullin*. *See* Order, ECF No. 58 (the "Deferral Order"), which is expected to occur in approximately seven days. On July 17, 2026, the Government filed a letter, ECF No. 59, citing the Second Circuit's decision in *Cox v. Department of Justice*, 111 F.4th 198, 209 (2d Cir. 2024),[2] which stated that "[a] published opinion . . . becomes binding precedent when it is decided. The fact that a mandate has not yet issued means only that jurisdiction over the case has not yet shifted back to the district court; it does not undermine the immediate precedential weight of our decision." The Government's letter then states that "[s]hould the Court reconsider and issue the requested indicative ruling, the government would promptly so notify the Second Circuit, and the government's motion there may become moot." ECF No. 59 at 2. Having reviewed *Cox*, the Court now reconsiders its deferral of the Government's request. For the reasons stated below, the Motion is **GRANTED**.

## DISCUSSION

The Court assumes familiarity with the facts and background of this case, which are set forth in the Postponement Order at 2-17. Having reviewed the parties' submissions, the Court concludes that the factors for a stay pending appeal favor the Government. Furthermore, the Court also grants the Government's request for an indicative ruling stating that, if the case were remanded, the Court would dissolve the Postponement Order.

## I.    Reconsideration

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van*

---

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

*Buskirk v. United Grp. Of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Here, the Court deferred decision on the Government's Motion because the mandate in *Mullin* had not yet issued. The Second Circuit's decision in *Cox*, which this Court had not yet considered at the time of its Deferral Order, makes clear that the precedential effect of an appellate ruling does not depend on issuance of the mandate. *See Doe v. Mullin*, No. 26-1294, Dkt. No. 34 (7th Cir. July 16, 2026) (reversing district court's postponement order in light of *Mullin*); *NTPSA v. Mullin*, No. 26-199, Dkt. No. 44 (9th Cir. July 14, 2026) (vacating district court's judgment in a case involving the termination of TPS designations for Nepal, Honduras, and Nicaragua in light of *Mullin*).

In light of *Cox*, the Court reconsiders and vacates its Deferral Order, ECF No. 58.

## II.    Stay Pending Appeal

### A.  Legal Standard

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). In deciding whether to issue a stay pending appeal, a court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id*. at 434 (internal quotation marks omitted). "The first two factors . . . are the most critical," *id.*, and "these factors have typically been evaluated on a sliding scale, so that a strong showing that the applicant is likely to succeed excuses a weaker showing of irreparable injury." *Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 122 (S.D.N.Y. 2012).

### B.  Application

The Government has demonstrated a likelihood of success on the merits.  With respect to the Plaintiffs' statutory claims, the Supreme Court held in *Mullin* that the "TPS statute's judicial-review bar applies to all non-constitutional claims."  2026 WL 1825840, at *10.  This Court previously held otherwise, *see* Postponement Order at 19-22, but the parties all now agree that that holding is no longer tenable in light of the Supreme Court's decision in *Mullin*.  In light of *Cox*, the Court also rejects Plaintiffs' contention that, because the mandate has not yet issued in *Mullin*, this Court is not bound by the Supreme Court's ruling.  *See* Plaintiffs' Brief in Opposition to Motion to Vacate ("Abdo Opp'n") at 18-19, ECF No. 81 (No. 26 Civ. 2280).

Plaintiffs nevertheless maintain that they remain likely to succeed on the merits of their constitutional claims, on which the Court previously reserved judgment.  *See* Postponement Order at 31 n.14.  If this Court were to consider, as a matter of first impression, whether the termination of TPS for Yemen were based on some form of discriminatory animus, it might very well come to the same conclusion that Justice Kagan reached in dissent with respect to the termination of TPS for Haiti.  *See Mullin*, 2026 WL 1825840, at *20 (Kagan, J., dissenting) (observing that various Administration statements regarding Haiti "fairly shout, in their racial undertones and overtones alike, that race entered into the President's resolve to remove Haitians from this country.").  But the Supreme Court held otherwise, concluding that the statements cited in that case "are insufficient to show that the termination of Haiti's TPS designation was based on the race of the Haitian people." *Id.* at 12.

Plaintiffs in these cases offer no cogent reason why there should be a different result here.  The fact that the claim in *Mullin* was for racial discrimination, while the claims here are for discrimination on the basis of national origin and/or religion, *see* Abdo Opp'n at 4-10, is not relevant to the Supreme Court's conclusion that comments of the nature relied on by Plaintiffs—

which, in these cases, are fewer in number and in some sense less specific (in that they tended to refer to a broader group of people rather than to Yemenis specifically) than the statements about Haitians in *Mullin*[3]—are an insufficient basis to establish that the termination of TPS was motivated by improper discriminatory animus. *See also* Pls.' Br. in Opp. to Mot. to Vacate ("Noor Opp'n") at 8, 19-21, ECF No. 56 (No. 26 Civ. 2103). Plaintiffs also note that Yemen is the one country for which the Homeland Security Secretary found that extraordinary and temporary conditions persist, such that it remains unsafe for people to return. *See* Abdo Opp'n at 10; Noor Opp'n at 10-11. But that fact, and the Noor Plaintiffs' other arguments based on various supplemental materials cited in their Opposition Brief, *see* Noor Opp'n at 22-24, point to problems with the substantive merits of the Secretary's determination, which is not reviewable by this Court.

Finally, as to the balance of the equities, this Court previously held that they tip in favor of the Plaintiffs in these cases. *See* Postponement Order at 31 n.14. But the stay factors are evaluated on a "sliding scale," *Nat. Res. Def. Council, Inc.*, 884 F. Supp. 2d at 122, and the Court concludes that the strong showing that the Government has made on the merits overcomes any comparatively weaker showing with respect to the equities. *Cf. Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 49 (2d Cir. 2020) ("With likelihood of success totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay." (citation omitted)).

Accordingly, the Court **GRANTS** Defendants' motion for a stay.

---

[3] *Compare Mullin*, 2026 WL 1825840, at *20 (U.S. June 25, 2026) (Kagan, J., dissenting) (describing numerous statements about Haitians "by the President so repellent and racially inflected that the majority declines to put them in print") *with* Postponement Order at 13 (quoting one derogatory tweet from former Secretary of Homeland Security regarding people from various countries, including Yemen, subject to travel ban).

### III.   Indicative Ruling

#### A.  Legal Standard

Rule 62.1 provides that "[i]f a timely motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may" state that "it would grant the motion if the court of appeals remands for that purpose."  Fed. R. Civ. P. 62.1(a)(3).  The Court of Appeals may then remand the matter "for further proceedings" consistent with the district court's indicative ruling.  Fed. R. App. P. 12.1(b).  "In authorizing indicative rulings, the Rule promotes efficiency and the timely resolution of motions that could further the appeal or obviate its necessity."  *Watson v. Artuz*, No. 99 Civ. 1364, 2024 WL 4228624, at *3 (S.D.N.Y. Sept. 18, 2024).

#### B.  Application

For the same reasons that the Court concludes that the Government has established a likelihood of success on the merits for purposes of a stay pending appeal, the Court issues an indicative ruling stating that, were the matter remanded, the Court would vacate the Postponement Order.  As the Supreme Court held in *Mullin*, courts lack jurisdiction over the statutory claim on which the Postponement Order was based.  *See* 2026 WL 1825840, at *10.  As for the Plaintiffs' equal protection claims, the Court concludes that, in light of *Mullin*, the Plaintiffs are not likely to succeed on the merits of those claims, which therefore cannot provide an independent basis for sustaining the Postponement Order.  Accordingly, if the matter were remanded to this Court, it would vacate and dissolve the Postponement Order.

**CONCLUSION**

The Supreme Court in *Mullin* considered the same issues presented in this case, and this Court is bound by that decision.  Under the Second Circuit's decision in *Cox*, *Mullin* has precedential weight now (rather than when the mandate issues).  Accordingly, the Court

6

**VACATES** the Deferral Order.  The Court also **GRANTS** the Government's motion for a stay pending appeal.  The Postponement Order, ECF No. 39, is hereby **STAYED**.  The Court also **GRANTS** the Government's motion for an indicative ruling, to wit, that on remand, it would vacate and dissolve the Postponement Order.

The Clerk of Court is respectfully directed to vacate ECF No. 58 in Case 26 Civ. 2103, and ECF No. 84 in Case 26 Civ. 2280.

The Clerk of Court is also respectfully directed to terminate ECF No. 45 in Case 26 Civ. 2103 and ECF No. 73 in Case 26 Civ. 2280.

SO ORDERED.

Dated: July 20, 2026

New York, New York

_____
DALE E. HO
United States District Judge

7