UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOOR DOE, et al.,

Plaintiffs,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

26 Civ. 2103 (DEH)

ABDO DOE, et al.,

Plaintiffs,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

26 Civ. 2280 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiffs in the above-captioned cases are Yemeni nationals who had Temporary Protected Status ("TPS") or pending applications for TPS. They bring suit against the Department of Homeland Security ("DHS"), its Secretary, the United States Citizenship and Immigration Services ("USCIS"), and the United States of America (collectively, "Defendants" or "thee Government") challenging the termination of TPS for Yemen. Familiarity with the respective facts and procedural postures of these cases, as set forth in this Court's Opinion and Order granting Plaintiffs' Motions for a Preliminary Injunction and to Postpone Agency Action (the "Postponement Order")[1], ECF No. 39, and the Court's subsequent Order vacating the stay of

[1] Unless otherwise stated, "ECF No." citations are to documents filed in Case No. 26 Civ. 2103.

termination of TPS for Yemen (the "Vacatur Order"), ECF No. 63, in light of the Supreme Court's decision in *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026), is presumed.

Before the Court are: (1) a Second Motion for a Preliminary Injunction in Case No. 26 Civ. 2280, ECF No. 92, and (2) the Government's Motions to Dismiss in both cases, *see* ECF No. 67 in Case No. 26 Civ. 2103 and ECF No. 110 in Case No. 26 Civ. 2280. For the reasons that follow, the Motions to Dismiss are **GRANTED IN PART AND DENIED IN PART**. Specifically, all claims are dismissed other than Plaintiffs' intentional discrimination claim. The Second Motion for a Preliminary Injunction is **DENIED**.

## DISCUSSION[2]

As noted, familiarity with the facts and procedural background of these cases is presumed. The Court notes that, since its Postponement Order, Plaintiffs in both cases have filed Amended Complaints; in particular, Abdo Doe Plaintiffs in Case No. 26 Civ. 2280 have filed an Amended Complaint ("Abdo Doe Am. Compl."), ECF No. 85, which adds two new claims: (1) a claim that the termination of TPS by the DHS Secretary was *ultra vires*, and (2) a due process claim. The substance of these claims is addressed below in the context of the Court's discussion of the Government's Motion to Dismiss.

### I. Motion to Dismiss

#### A. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional authority to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving such a motion, "the court must take all

---

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff," *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inference favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

**B. *Ultra Vires* Claim**

Abdo Doe Plaintiffs claim that the termination of TPS for Yemen is void because Congress vested the authority to terminate TPS designations exclusively with the Attorney General, and that this authority was never transferred to the DHS Secretary. Abdo Doe Am. Compl. ¶¶ 190-92. The Government contends that jurisdiction for this claim is foreclosed by the Supreme Court's decision in *Mullin*, and that the claim also fails on the merits.

The Court addresses the merits of Plaintiffs' claim because, as other courts have noted, the claim itself presents the question whether the jurisdictional ruling in *Mullin* properly applies to TPS determinations made by the DHS Secretary. *See Doe v. Mullin*, No. 25 C 15483, 2026 WL 2279577, at *6 (N.D. Ill. Aug. 7, 2026) (observing that "[i]f the plaintiffs' reading is correct, then the jurisdictional bar applies only to 'determination[s] of the Attorney General,' not to determinations by the Secretary, and does not preclude their claims in this case. Of course, if the plaintiffs' reading is wrong, then the jurisdictional bar does apply.").

Turning now to the merits, when Congress enacted the Homeland Security Act in 2002, it conferred authority for the "administration and enforcement" of all laws "relating to the immigration and naturalization of aliens" with the DHS Secretary. 8 U.S.C. § 1103(a)(1). Congress further provided that, with respect to "any function transferred by or under this chapter," a reference "to any . . . officer or office the functions of which are so transferred shall be deemed

to refer to the [DHS] Secretary." 6 U.S.C. § 557. In light of that provision, Congress did not have to replace each of the relevant statutes' references to the "Attorney General" with "the DHS Secretary." Every court to have considered this question has agreed that the effect of these provisions was to transfer authority for administration of the TPS program from the Attorney General to the DHS Secretary. *See Afr. Cmtys. Together v. Mullin*, No. 26 Civ. 10278, 2026 WL 2408737, at *5 (D. Mass. Aug. 18, 2026) (citing *Afr. Cmtys. Together v. Mullin*, 2026 WL 2274504, at *3 (D. Mass. Aug. 7, 2026); *Doe v. Mullin*, No. 25 C 15483, 2026 WL 2279577, at *7 (N.D. Ill. Aug. 7, 2026); *Afr. Cmtys. Together v. Mullin*, 2026 WL 2364398, at *12 (D. Mass. Aug. 14, 2026)).

Because the relevant statutes vest authority to terminate TPS designations with the DHS Secretary, Abdo Doe Plaintiffs' *ultra vires* claim fails, and the Government's motion to dismiss the claim is **GRANTED**.

### C. APA Claims

This Court previously granted Plaintiffs' Motions for a Preliminary Injunction on the basis of their APA claims. *See* Postponement Order at 18-31. The Supreme Court, however, has since ruled that courts lack jurisdiction over such claims, which led this Court to vacate its Postponement Order. *See* Vacatur Order at 4 (citing *Mullin v. Doe*, No. 25- 1083, 2026 WL 1825840, at *10 (U.S. June 25, 2026). The Government now moves to dismiss these claims.

In response, Noor Doe Plaintiffs do not address this point, *see generally* Noor Doe Opp'n at 9-12, ECF No. 69, and they expressly state in their Amended Complaint that they continue to plead this claim only for purposes of preserving it. *See* Noor Doe Am. Compl. at 38, ECF No. 49. Meanwhile, Abdo Doe Plaintiffs maintain only that if the Court were to agree with their *ultra vires* argument, then these APA claims would remain viable, because in that case, the jurisdiction-

stripping provision of 8 U.S.C. § 1254a(b)(5)(A) would protect only the Attorney General's TPS determinations (and not those of the DHS Secretary). *See* Abdo Doe Opp'n at 7, ECF No. 112.

Because the Court has rejected Plaintiff's *ultra vires* argument, and Plaintiffs offer no other reason why these claims should not be dismissed, the Government's motion to dismiss this claim in light of the Supreme Court's ruling in *Mullin* is **GRANTED**.

### D. Due Process Claim

The Abdo Doe Plaintiffs bring a claim for deprivation of procedural due process under the Fifth Amendment. *See* Abdo Doe Am. Compl. ¶¶ 185-89. "A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate ... process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023). Assuming without deciding (1) that, contrary to the Government's position, the Court has jurisdiction over this claim (which is constitutional in nature and therefore arguably not subject to the TPS statute's jurisdiction-stripping provision) and (2) that Plaintiffs have a legally protected interest in maintaining TPS, this claim nevertheless fails because Abdo Doe Plaintiffs cannot establish constitutionally inadequate process.

Because "Plaintiffs' proposed procedural due process claim is closer to a challenge to a generally-applicable agency action, . . . minimal process is due." *Afr. Cmtys. Together*, 2026 WL 2408737, at *6 (cleaned up). As the district court considering a challenge to the termination of TPS for Burma explained:

> The core of due process is notice and an opportunity to be heard. . . . The plaintiffs do not claim that they were entitled to hearings before the Secretary's decision to terminate TPS. And the decision was published in the federal register, providing notice. The plaintiffs argue that the rationale in the federal register was not the actual basis for the decision, but that amounts to a challenge to the merits of the decision or APA review—both barred after *Mullin*—not a due process claim. So too with the alleged failure to (adequately) assess country conditions.

*Doe*, 2026 WL 2279577, at *10. "The remaining procedural defect, the failure to consult with appropriate agencies, is a statutory requirement, not one imposed by the Constitution." *Id.* "Plaintiffs have no liberty or property interests" at stake here "other than those provided by statute or regulation." *Afr. Cmtys. Together*, 2026 WL 2274504, at *5.

Accordingly, the motion to dismiss the Abdo Doe Plaintiffs' due process claim is **GRANTED**.

### E. Equal Protection / Intentional Discrimination Claim

Plaintiffs in both cases allege that, in terminating Yemen's TPS designation, Defendants were motivated in part by animus based on national origin, and/or in the alternative, animus based on religion, race, and/or ethnicity. *See* Noor Doe Am. Compl. ¶¶ 82-94; Abdo Doe Am. Compl. ¶ 182. To state such a claim, Plaintiffs must plausibly allege that the challenged policy or practice was motivated a "discriminatory intent or purpose." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977); *see also N.Y. v. U.S. Dep't of Com.*, 315 F. Supp. 3d 766, 807 (S.D.N.Y. 2018). "[A] plaintiff need not prove that the 'challenged action rested solely on racially discriminatory purposes.'" *Hayden v. Paterson*, 594 F.3d 150, 163 (2d Cir. 2010) (quoting *Arlington Heights*, 429 U.S. at 265); *see also, e.g.*, *U.S. v. City of Yonkers*, 96 F.3d 600, 611 (2d Cir. 1996) (stating that a plaintiff "need not show . . . that a government decisionmaker was motivated solely, primarily, or even predominantly by concerns that were racial"). Indeed, "[r]arely can it be said that a legislature or administrative body operating under a broad mandate made a decision motivated solely by a single concern, or even that a particular purpose was the 'dominant' or 'primary' one." *Arlington Heights*, 429 U.S. at 265. Thus, it is enough to show that an "invidious discriminatory purpose was *a* motivating factor" in the challenged decision. *Id.* at 266 (emphasis added).

As an initial matter, the jurisdiction-stripping provision of the TPS statute only "bars judicial review of nonconstitutional challenges to TPS termination decisions," and therefore does not foreclose this constitutional claim. *Doe*, 2026 WL 2279577, at *1. The Government, however, argues that this claim is foreclosed by the Supreme Court's holding in *Mullin* that plaintiffs challenging the termination of TPS for Haiti and Syria were unlikely to succeed on the merits of their intentional discrimination claim. *See* Gov't Mem. in Supp. of Mot. to Dismiss at 11-17, ECF No. 68. And this Court, in vacating its Postponement Order, cited *Mullin* for the proposition that statements of the type relied on heavily by the Plaintiffs in their complaints are insufficient to establish a likelihood of success for purposes of preliminary relief. *See* Vacatur Order at 4-5. Since then, however, two district courts hearing challenges to TPS terminations have denied motions to dismiss intentional discrimination claims. *See Doe*, 2026 WL 2279577, at *11; *Afr. Cmtys. Together*, 2026 WL 2408737, at *7. As the court considering the challenge to the termination of TPS for Ethiopia noted, *Mullin* "did not decide that the plaintiffs had failed to state a plausible claim for relief." *Id.*; *see also Doe*, 2026 WL 2279577, at *11 ("The Court does not view *Mullin*, decided under a different standard, as controlling the motion to dismiss at issue here.").

To meet the plausibility standard, Plaintiffs need only allege facts that "raise a reasonable expectation that discovery will reveal evidence" of discrimination, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In light of that standard, "[i]t is hard to say that the statements here are not enough to get past the motion to dismiss stage and provide the plaintiffs with at least an opportunity to prove their case through discovery." *Afr. Cmtys. Together*, 2026 WL 2408737 (quoting *Doe*, 2026 WL 2279577, at *11.). As the Second Circuit has stated, "[b]ecause discriminatory intent is rarely susceptible to direct

proof, litigants may make 'a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.'" *Hayden*, 594 F.3d at 163 (quoting *Arlington Heights*, 429 U.S. at 266). Here, Plaintiffs may very well be able to succeed on the merits of their claim after the record in this case has been fully developed. *Afr. Cmtys. Together*, 2026 WL 2408737, at *7.

Accordingly, the Government's motion to dismiss Plaintiffs' intentional discrimination claim is **DENIED**.

### II. Second Motion for Preliminary Injunction

For the same reasons that the Court dismisses the Abdo Doe Plaintiffs' *ultra vires* and procedural due process claims, it concludes that there can be no likelihood of success on those claims for purposes of preliminary relief. Although this Court previously determined that Plaintiffs have adequately demonstrated irreparable harm and that the balance of equities falls in their favor, *see* Postponement Order at 31-36, Abdo Doe Plaintiffs' motion for preliminary relief is now moot in light of the dismissal of the claims underlying their motion. The Second Motion for a Preliminary Injunction is therefore **DENIED**.

## CONCLUSION

For the foregoing reasons, Abdo Doe Plaintiffs' Second Motion for a Preliminary Injunction is **DENIED**. The Government's Motions to Dismiss are **GRANTED IN PART AND DENIED IN PART**—specifically, the motions are granted as to all claims except for Plaintiffs' intentional discrimination claim. Because leave to amend would be futile with respect to the dismissed claims, the Court dismisses those claims with prejudice, and leave to amend is denied with respect to those claims.

The stays pending the Supreme Court's decision in *Mullin*, ECF No. 43 in Case No. 26 Civ. 2103 and ECF No. 67 in Case No. 26 Civ. 2280, are lifted. Within fourteen days of the date

of this Order, the parties in these cases shall submit a single proposed case management plan for both cases.

The Clerk of Court is respectfully requested to lift the stay in these cases, and to terminate: ECF No. 67 in Case No. 26 Civ. 2103, and ECF Nos. 92 and 110 in Case No. 26 Civ. 2280.

SO ORDERED.

Dated: October 6, 2026

New York, New York

DALE E. HO
United States District Judge