Goldberg & Associates

**VIA ECF** November 19, 2026

The Honorable Dale E. Ho
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *Noor Doe, et al. v. Mullin, et al.*, No. 26 Civ. 2103 (DEH); *Abdo Doe, et al. v. Mullin, et al.*, No. 26 Civ. 2280 (DEH): Letter-Motion for a Date Certain for Defendants' Response and an Extension of Time to File the Motion to Complete the Administrative Record**

Dear Judge Ho:

*Noor Doe* Plaintiffs in No. 26 Civ. 2103 write under Rules 2(a) and 2(e) of the Court's Individual Rules to request (1) a date certain by which Defendants must complete their response to the deficiencies Plaintiffs identified in the Certified Administrative Record ("CAR"), and (2) an extension of Plaintiffs' deadline to move to complete the administrative record, currently November 20, 2026, to three days after that date. Plaintiffs propose December 1, 2026 and December 4, 2026, respectively. This is the first request to extend this deadline. Plaintiffs asked Defendants for their position by email on November 19 at 3:41 p.m. PT/6:41 p.m. ET, and will promptly advise the Court of their response. No appearance before the Court is currently scheduled.

Plaintiffs have complied with the Court's November 2, 2026 Order at every step. The Order required Plaintiffs to serve a letter identifying omitted materials by November 9, the parties to "complete a meet and confer on the identified deficiencies" by November 17, and Plaintiffs to file their motion by November 20. ECF No. 77 at 2. Plaintiffs served their letter on November 9. A copy is attached as **Exhibit A**. It identified six categories of omitted material, with record citations for each, and asked for Defendants' written response before the conferral so that the conferral would be productive. Defendants did not provide one. The parties conferred by videoconference on November 17. Counsel for Plaintiffs in both cases attended, as did Assistant United States Attorneys Mark Osmond and Adam Gitlin for Defendants.

**LOS ANGELES**
14370 Ventura Blvd.
Sherman Oaks, CA 91423
Tel. 818.999.1599

**EGYPT**
103B Abdulaziz Al Saud Street
Al Manyal Al Gharbi, Old Cairo
In Front of Al Funun Garden
3rd Floor Office Number 32
Tel. +20 15 00011711 (Voice)

**DETROIT**
3005 Oakwood Blvd.
Melvindale, MI 48122
Tel. 818.999.1559

**DJIBOUTI**
Marabout Lot No 549A
Heron, Djibouti
Past the second Circle,
Big Yellow House

Goldberg & Associates

A meet and confer is supposed to resolve or narrow the dispute. The Court's Individual Rules require a party to 'confer in good faith with the opposing party' in order 'to resolve the dispute.' Individual Rule 4(k)(i). Through no fault of defense counsel, the November 17 conference fell short of that, because it appears DHS had not yet given its counsel the information needed to respond. On two categories Defendants had no answer; on a third, counsel needed to ask DHS; and on the remaining three, Defendants asserted privilege but provided no privilege log. Defendants' counsel agreed to provide DHS's responses by noon on November 19. Defendants' counsel responded by email at 2:58 p.m. Eastern time on November 19, and Plaintiffs appreciate the response. A copy is attached as **Exhibit B**. But it came with no documents, no privilege log, and no declaration, and it shows that DHS has not finished its review:

1. **The Calendar Year 2024 TPS Annual Report to Congress, which the Decision Memorandum cites (ECF No. 31 at 15 nn.111-12):** "DHS is still looking into this one."

2. **Attachments B and C to the Decision Memorandum (DHS-AR-000022-33 and DHS-AR-000034-48; see ECF No. 22-2 at 22 and 34):** Defendants disclosed that "DHS recently learned that the incorrect versions of Attachments B and C were inadvertently included in the Certified Administrative Record and is looking into correcting this issue." The Decision Memorandum describes those attachments as "[t]he full USCIS reports upon which this recommendation is based." ECF No. 31 at 3.

3. **The data comparing Yemen to other TPS countries, on which the Decision Memorandum relies (ECF No. 31 at 13 & n.96) but which does not appear in the record:** 'DHS will provide the document reflecting this information, redacted for relevant privileges, including the law enforcement privilege.' Defendants gave no date."

4. **The December 2020 USCIS-ICE Memorandum of Agreement, which Attachment C cites (DHS-AR-000039 n.54) but which does not appear in the record:** 'DHS will produce a copy of the MOU, redacted for

Goldberg & Associates

relevant privileges, including the law enforcement privilege.' Defendants gave no date."

5. **Privilege log:** "DHS will provide a privilege log of redacted documents included in the Certified Administrative Record, and those produced as a result of the above." Defendants gave no date.

6. **Declaration:** Plaintiffs asked for a declaration from DHS confirming that no additional responsive documents exist for the categories applicable as to which Defendants contend the record is complete. Defendants answered that they "will not be able to send the requested declaration from DHS."

Under these circumstances, a motion filed on November 20 would be premature, and good cause exists for a short extension. *See* Fed. R. Civ. P. 6(b)(1)(A). Plaintiffs would be moving to complete a record that Defendants have said contains the wrong versions of two central documents and that DHS is "looking into correcting." The documents and privilege log Defendants have promised may resolve some of Plaintiffs' requests, narrow others, or raise new questions, and DHS is still looking for a report that its own Decision Memorandum cites. A motion written without that material would likely have to be supplemented or refiled once it arrives. Plaintiffs do not want to waste the Court's time with piecemeal briefing. They would rather present one motion on a settled set of disputes. Plaintiffs could not make this request two business days before the deadline, as Individual Rule 2(e)(ii) ordinarily requires, because the need for it arose on the afternoon of November 19, when Defendants' response arrived. Plaintiffs are filing this request the same day. Plaintiffs therefore respectfully request that the Court:

1. Order Defendants, by a date certain, which Plaintiffs propose be December 1, 2026, to (a) complete their review of the Calendar Year 2024 TPS Annual Report to Congress and of Attachments B and C, state their final position on each, and produce the corrected attachments; (b) produce the documents they have agreed to produce; (c) serve their privilege log; and (d) provide the declaration Plaintiffs requested or state definitively that they will not provide one; and

**LOS ANGELES**
14370 Ventura Blvd.
Sherman Oaks, CA 91423
Tel. 818.999.1599

**EGYPT**
103B Abdulaziz Al Saud Street
Al Manyal Al Gharbi, Old Cairo
In Front of Al Funun Garden
3rd Floor Office Number 32
Tel. +20 15 00011711 (Voice)

**DETROIT**
3005 Oakwood Blvd.
Melvindale, MI 48122
Tel. 818.999.1559

**DJIBOUTI**
Marabout Lot No 549A
Heron, Djibouti
Past the second Circle,
Big Yellow House

Goldberg & Associates

2. Extend Plaintiffs' deadline to file their motion to complete the administrative record from November 20, 2026 to December 4, 2026, three days after that date, with Defendants' opposition due December 23, 2026 and Plaintiffs' reply due January 6, 2027. Those dates preserve the intervals in the current schedule. Schedule 2 runs from the Court's ruling on the motion and is not affected. ECF No. 77 at 2. No other date in the Court's November 2, 2026 Order is affected.

Plaintiffs thank the Court for its consideration.

Respectfully submitted,

*<u>/s/ Julie A. Goldberg</u>*
Julie A. Goldberg, Esq.
3005 Oakwood Boulevard
Melvindale, MI 48122
Tel: (818) 999-1559
Email: ecf@goldbergimmigration.com
*Attorney for Plaintiffs*

cc: All counsel of record (via ECF)

# EXHIBIT A

Goldberg & Associates

November 9, 2026

**VIA EMAIL**
Mark Osmond
Assistant United States Attorney
U.S. Attorney's Office for the Southern District of New York
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2713
Email: mark.osmond@usdoj.gov

**Re: *Noor Doe, et al. v. Mullin*, et al., No. 26 Civ. 2103 (DEH) (S.D.N.Y.) — Plaintiffs' Identification of Deficiencies in the Certified Administrative Record**

Dear Counsel:

Pursuant to the Court's November 2, 2026 Order (ECF No. 77), which adopted, with modifications, the bifurcated schedule proposed by Plaintiffs in this case, Plaintiffs write to identify the categories of documents omitted from the Certified Administrative Record filed on April 14, 2026 (ECF Nos. 22 through 22-27, DHS-AR-000001 through DHS-AR-001687) (the "CAR"). Plaintiffs request that Defendants produce the materials identified below, or log any withheld on a claim of privilege, and that the parties complete the meet and confer required by the Court's Order on or before November 17, 2026.

The CAR's certification states that the record contains the "non-privileged documents considered by DHS" in connection with the Secretary's determination. ECF No. 22 at 2. The decisional documents themselves, however, cite and rely on materials that appear nowhere in the record, and the record as certified contains irregularities, described in Part II below, that preclude any presumption of completeness. Citations to the "Decision Mem." are to the Decision Memorandum for the Secretary (DHS-AR-000001-19), which was filed in redacted form in the CAR and, pursuant to the

Court's order, in unredacted form at ECF No. 31. Plaintiffs identify the following categories.

**I. Categories of Omitted Documents**

1. **The Calendar Year 2024 TPS Annual Report to Congress.** The Decision Memorandum relies on this document by name, describing it as "unpublished." Decision Mem. (ECF No. 31) at 15 nn.111-12. Attachment C relies on it as well, including for its comparison of Yemeni beneficiaries' prior visa status to that of "all countries combined." DHS-AR-000042 nn.75, 78. The record contains only the CY2023 report (DHS-AR-000184-239). A document the decisional memoranda cite as support was necessarily considered and must be produced.

2. **The comparator data underlying the cross-country national-security claim.** The Decision Memorandum and Attachment C assert that the percentage of Yemeni TPS applicants and beneficiaries associated with National Security records "is high compared to other Temporary Protected Status countries," sourced to "USCIS Internal Data, Office of Policy and Strategy." Decision Mem. at 13 n.96; DHS-AR-000039 n.56. No comparative data for any other TPS country appears in the record. The only FDNS-DS NexGen output in the record (DHS-AR-000243-245) reports results for Yemen alone, and a portion of DHS-AR-000245 was redacted in the CAR as filed. That document's own headings refer to results "by TPS Country" (DHS-AR-000245), and it states that "[s]ummary tables for Record and SOF results are provided in the workbook" (DHS-AR-000244). The workbook is not in the record. The comparison could not have been made without the comparator data. That data and the workbook were considered and must be produced.

3. **The underlying data, queries, and source reports for the agency's statistical printouts.** The record contains one-to-four-page summary printouts: the OHSS data response (DHS-AR-000179-181); the I-821 population snapshot (DHS-AR-000240); advance parole receipt counts (DHS-AR-000241-242); FDNS-DS NexGen data (DHS-AR-000243-245); the NIV issuance summary (DHS-AR-000246); TECS data (DHS-AR-000247); and the NIV/I-94 analysis (DHS-AR-000248-251). The queries, parameters, methodologies, and underlying reports from which these outputs were generated, which the preparing offices

Goldberg & Associates

necessarily considered, are absent. This includes the request files the printouts themselves identify as PAER0018828 (DHS-AR-000241-242) and PAER0019656 (DHS-AR-000240); the data request to OHSS reflected at DHS-AR-000179-181 and any responsive transmittals; and the ADIS-R and ICE ERO data from which the OHSS tables were derived (DHS-AR-000180-181).

4. **The complete Department of State consultation file.** The statute requires consultation with appropriate agencies. 8 U.S.C. § 1254a(b)(3)(A). The Decision Memorandum states that "State's assessment confirmed that termination . . . would not pose negative foreign policy concerns." Decision Mem. at 2. The record contains only a two-page chain of four short emails (DHS-AR-000266-267), a paragraph of which was redacted in the CAR as filed. The chain culminates in a one-sentence November 5, 2025 message stating that "State has no foreign policy objections to a change in TPS status for Yemen." DHS-AR-000266; see ECF No. 39 at 16. No assessment appears in the record. The chain also refers to a "DHS targeted timeline for TPS Yemen review" and to a request that State complete its consultation "by mid December." DHS-AR-000266. If a State Department assessment exists, it was considered and omitted. Plaintiffs request all communications and documents exchanged with the Department of State concerning the review, including any assessment, analysis, or recommendation referenced in the Memorandum, any materials DHS transmitted to State for purposes of the consultation, and the complete, unredacted email chain.

5. **Decisional and transmittal documents, or a privilege log.** The certification expressly limits the record to "non-privileged" documents, yet the record contains no drafts, option papers, briefing materials, transmittal memoranda, or Secretary-level correspondence of any kind, and Defendants have produced no privilege log. The record itself establishes that such documents exist. The review began no later than October 8, 2025, when USCIS wrote that it would "soon be starting the analysis and development of the recommendation package" and that it intended "submission of the decision memo package to ESEC NLT Dec. 19th." DHS-AR-000267. The CAR was certified by the Deputy Executive Secretary, whose office "oversees the management of written communication intended for, and originated by, the Secretary." ECF No. 22 at 1. The record nonetheless contains no

**LOS ANGELES**
14370 Ventura Blvd.
Sherman Oaks, CA 91423
Tel. 818.999.1599

**EGYPT**
103B Abdulaziz Al Saud Street
Al Manyal Al Gharbi, Old Cairo
In Front of Al Funun Garden
3rd Floor Office Number 32
Tel. +20 15 00011711 (Voice)

**DETROIT**
3005 Oakwood Blvd.
Melvindale, MI 48122
Tel. 818.999.1559

**DJIBOUTI**
Marabout Lot No 549A
Heron, Djibouti
Past the second Circle,
Big Yellow House

Goldberg & Associates

communication transmitting the decision package to, or returning it from, that office. Attachment C is dated November 7, 2025 (DHS-AR-000034). The Decision Memorandum is dated December 18, 2025, relies on data "as of December 8, 2025" and on sources dated December 9 and 10, 2025, and was approved by the Secretary on December 20, 2025. Decision Mem. at 1, 3 n.13, 6 n.42, 19; see also ECF No. 22-1 at 1. The package was therefore revised after Attachment C was completed and was transmitted to the Executive Secretariat and the Secretary, yet the record contains no document reflecting that revision or transmittal. Documents generated, transmitted, or considered between October 8 and December 20, 2025 are part of the record or must be logged. At minimum, Plaintiffs are entitled to a privilege log identifying each withheld document, its author, recipients, date, and the privilege asserted. At minimum, Plaintiffs are entitled to a privilege log identifying each withheld document, its author, recipients, date, and the privilege asserted. See *In re Nielsen*, No. 17-3345, Dkt. No. 171, at 3 (2d Cir. Dec. 27, 2017) (rejecting the government's position that it could not be required to log documents withheld from an administrative record as deliberative).

6. **Other sources cited in the decisional documents but absent from the record.** Attachment C's Table 1 reports Yemeni and overall visa overstay rates for Fiscal Years 2015 through 2024, sourced to the annual DHS Entry/Exit Overstay Reports, and the Decision Memorandum relies on the reports for Fiscal Years 2018 through 2024. DHS-AR-000041-42 nn.72-73; Decision Mem. at 13 n.102. The certified index lists only the Fiscal Year 2024 report (DHS-AR-000114-177) and a one-page listing (DHS-AR-000178). The listing at DHS-AR-000178 links to the earlier reports but does not include them. Attachment C also defines the "Egregious Public Safety" designation by reference to a December 2020 Memorandum of Agreement between USCIS and ICE (DHS-AR-000039 n.54), which does not appear in the certified index. Plaintiffs request that these materials be added to the record.

## II. The Record as Certified Is Not Entitled to a Presumption of Completeness

**LOS ANGELES**
14370 Ventura Blvd.
Sherman Oaks, CA 91423
Tel. 818.999.1599

**EGYPT**
103B Abdulaziz Al Saud Street
Al Manyal Al Gharbi, Old Cairo
In Front of Al Funun Garden
3rd Floor Office Number 32
Tel. +20 15 00011711 (Voice)

**DETROIT**
3005 Oakwood Blvd.
Melvindale, MI 48122
Tel. 818.999.1559

**DJIBOUTI**
Marabout Lot No 549A
Heron, Djibouti
Past the second Circle,
Big Yellow House

Goldberg & Associates

Independent of the omissions above, the CAR reveals irregularities inconsistent with a contemporaneous compilation of the materials before the decisionmaker:

1. The record includes a DHS National Environmental Policy Act Memorandum for Record signed February 9, 2026 and printed February 10, 2026 (DHS-AR-000182-183), which the certified index describes as a "Record of Environmental Consideration." That is seven weeks after the Secretary's decision. A document that did not exist at the time of the decision cannot have been considered.

2. Web captures in the record bear print timestamps of March 27, 2026 (DHS-AR-000264-265; DHS-AR-001524-1533; DHS-AR-001534-1540), more than three months after the decision and eighteen days before the CAR was filed. One of them, a Department of State press statement dated December 10, 2025 (DHS-AR-000264-265), is not cited in the Decision Memorandum or its attachments.

3. The certified index describes DHS-AR-001643-1666 as a single article concerning the Central Bank of Yemen dated February 14, 2024. Only the first four pages are that article. DHS-AR-001647-1665 consists of three unrelated articles dated October 16, 2025 concerning Syria and Russia, Lebanon, and Gaza, with no Yemen content.

4. The certified index describes DHS-AR-000240 as data "as of Aug. 2025." The document itself states that it is "[a]s of December 8, 2025" and was queried in December 2025.

5. The certified index lists seven items dated after Attachment C was finalized on November 7, 2025 (DHS-AR-000264-265; DHS-AR-000452-456; DHS-AR-000575-582; DHS-AR-000686-695; DHS-AR-000749-750; DHS-AR-001412-1415; DHS-AR-001592-1600), confirming that the decisional package continued to change through mid-December 2025 without any record of how or by whom.

Goldberg & Associates

Plaintiffs request that Defendants explain when, how, and by whom the CAR was compiled, and confirm whether each document identified in this Part was before the Secretary at the time of her decision.

Plaintiffs reserve all rights, including the right to seek extra-record discovery under Schedule 2 of the Court's Order following resolution of the completeness motion, and nothing in this letter waives any position regarding the scope of review applicable to Plaintiffs' equal protection claim. Plaintiffs also join in the categories identified in the *Abdo Doe* Plaintiffs' letter of today's date, to the extent not encompassed above.

Plaintiffs are available to meet and confer on November 12, 13, or 16, 2026. Please confirm which date works and provide Defendants' written response to the categories above, so that the conferral required to be completed by November 17 is productive. Plaintiffs will file their motion to complete the record on November 20, 2026 as to any deficiency not cured.

Respectfully submitted,

*/s/ Julie A. Goldberg*
Julie A. Goldberg, Esq.
3005 Oakwood Boulevard
Melvindale, MI 48122
Tel: (818) 999-1559
Email: ecf@goldbergimmigration.com
*Attorney for Plaintiffs*

# EXHIBIT B

GOLDBERG IMMIGRATION

Goldberg Associates <ecf@goldbergimmigration.com>

# Doe v. Mullin, No. 26 Civ. 2103 – Plaintiffs' Letter re Deficiencies in the Certified Administrative Record

**Osmond, Mark (USANYS)** <Mark.Osmond@usdoj.gov> Thu, Nov 19, 2026 at 11:58 AM
To: Goldberg Associates <ecf@goldbergimmigration.com>, "Gitlin, Adam (USANYS)" <Adam.Gitlin@usdoj.gov>, Shane Kadidal <shanek@ccrjustice.org>, Razeen Zaman <rzaman@aaldef.org>, Annie Lo <alo@aaldef.org>

Sorry for not confirming sooner, but we will not be able to send the requested declaration from DHS. Please see responses below.

---

**From:** Goldberg Associates <ecf@goldbergimmigration.com>
**Sent:** Tuesday, November 17, 2026 6:34 PM
**To:** Osmond, Mark (USANYS) <Mark.Osmond@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Shane Kadidal <shanek@ccrjustice.org>; Razeen Zaman <rzaman@aaldef.org>; Annie Lo <alo@aaldef.org>
**Subject:** [EXTERNAL] Re: Doe v. Mullin, No. 26 Civ. 2103 – Plaintiffs' Letter re Deficiencies in the Certified Administrative Record

Hello Counsel,

Per Ms. Goldberg, thank you for speaking with us today. I write to confirm Defendants' positions on the six categories in Plaintiffs' November 9, 2026 letter, as we understood them:

1. CY2024 TPS Annual Report to Congress: Defendants are still searching and did not have an answer. Will get back to us. **Yes, DHS is still looking into this one.**

2. Comparator data underlying the national-security claim: Defendants are withholding this material under the law enforcement privilege. **DHS will provide the document reflecting this information, redacted for relevant privileges, including the law enforcement privilege.**

3. Underlying data, queries, and source reports: Defendants are withholding this material under the deliberative process privilege. **The end data is all that was considered by the decisionmaker, and it is in the administrative record. The underlying data was not considered and is not included.**

4. Department of State consultation file: Defendants did not have an answer and said they would get back to us. **DHS has confirmed that the CAR contains the complete DOS consultation record.**

5. Decisional and transmittal documents: Defendants were not able to identify any non-privileged documents in this category. **In addition to Plaintiffs' argument about Attachment C being difficult to follow, the request calls for information that was not properly part of the CAR. However, in the process of reviewing Plaintiffs' letters, DHS recently learned that the incorrect versions of Attachments B and C were inadvertently included in the Certified Administrative Record and is looking into correcting this issue.**

6. Entry/Exit Overstay Reports and the December 2020 USCIS-ICE Memorandum of Understanding: Defendants asserted the law enforcement privilege. We explained that we are asking for the memo and the agreement themselves, and you said you would ask your client and get back to us. **DHS will produce a copy of the MOU, redacted for relevant privileges, including the law enforcement privilege.**

You told us Defendants will respond on the morning of November 19, 2026. For anything withheld as privileged, please provide a privilege log identifying each document, its date, author, recipients, and the privilege asserted. **DHS will**

**provide a privilege log of redacted documents included in the Certified Administrative Record, and those produced as a result of the above.**

[Quoted text hidden]

[Quoted text hidden]